# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 13 |
| HEROLD MENARD, JR. ) | CASE: A18-52577-JWC |
| ) | |
| ) | |
| DEBTOR ) | |

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The plan as proposed will extend to sixty-three (63) months, which exceeds the sixty (60) months allowed by 11 U.S.C. Section 1322(d).

2.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible. 11 U.S.C. Section 1325(a)(6).

3.

An Employer Deduction Order for Debtor's plan payments has not yet been requested by the Debtor. The Trustee opposes the Debtor making payments directly to the Trustee and requests they be remitted by payroll deduction to ensure feasibility of the instant case.

4.

The Chapter 13 Trustee is unable to determine the feasibility of the Debtor's Chapter 13 plan because Internal Revenue Service records indicate tax returns have not been filed for the period(s) ending December 31, 2012 and December 31, 2014. The failure to file tax returns for the four (4) year period prior to the filing of the bankruptcy case is in violation of 11 U.S.C. Section 1308.

5.

The Debtor has failed to provide to the Trustee a copy of the 2017 tax return filed with Internal Revenue Service in violation of 11 U.S.C. Section 521(e)(2)(A).

6.

Pursuant to Debtor's testimony, Debtor received a tax refund in the amount of $6,000.00. The Debtor has spent these funds which are property of the bankruptcy estate without permission from the Court. The Debtor's action in spending this money may indicate a lack of good faith in the filing of this case or the Debtor's commitment to reorganize and pay his creditors. 11 U.S.C. Section 1325(a)(3).

7.

The Chapter 13 petition and schedules fail to disclose all of the Debtor's assets, in violation of 11 U.S.C. Section 521.

8.

The Debtor is proposing a zero percent (0%) dividend payment to nominal unsecured debt totaling $5,412.00, which may violate 11 U.S.C. Section 1325(a)(3).

9.

The 2016(b) Disclosure Statement and the Chapter 13 plan are inconsistent with regard to the attorney's fees received pre-petition and/or to be paid in the plan in violation of 11 U.S.C. Section 329 and Bankruptcy Rules 2016(b) and 2017.

10.

The Chapter 13 plan proposes to pay $4,800.00 to the Debtor's attorney for payment of attorney fees. The Trustee is unable to determine whether this is a reasonable fee and requests that Debtor's counsel appear at Confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

11.

The plan fails to treat the Internal Revenue Service as priority in violation of 11 U.S.C. Section 1322(a) and/or 11 U.S.C. Section 502(a).

This the 2nd day of April, 2018.

Respectfully submitted,

/s/_____
Eric W. Roach
Attorney for the Chapter 13 Trustee
State Bar No. 143194

## CERTIFICATE OF SERVICE

Case No:  A18-52577-JWC

This is to certify that I have this day served the following with a copy of the foregoing Chapter 13 Trustee's  by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage thereon.

**Debtor(s)**
HEROLD MENARD, JR.
514 ROSEMONT PARKWAY
ROSWELL, GA  30076


**By Consent of the parties,** the following have received an electronic copy of the foregoing Chapter 13 Trustee's  through the Court's Electronic Case Filing system.

**Debtor(s) Attorney:**
SLIPAKOFF & SLOMKA, PC
se@myatllaw.com


This the 2nd day of April, 2018.

/s/_____
Eric W. Roach
Attorney for the Chapter 13 Trustee
State Bar No. 143194
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303